**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **US COST MANAGEMENT PARTNERS,** | § § § | |
| *Plaintiff* | § § | **SA-20-CV-00756-XR** |
| -vs- | § § | |
| **HI-TEMP, INC.,** | § § | |
| *Defendant* | § | |

## ORDER

On this date, the Court considered Plaintiff's Amended Motion to Remand (docket no. 6). After careful consideration, the Court grants the motion.

### Background

Plaintiff US Cost Management Partners ("Plaintiff") filed this lawsuit in state court on May 7, 2020 against Defendant Hi-Temp, Inc. Plaintiff alleges that it entered into a Comprehensive Services Agreement contract with Hi-Temp in March 2018 under which Plaintiff would examine, review, and analyze Hi-Temp's accounts payable records paid or payable for unauthorized charges, credits, savings, and overpayments, and Hi-Temp would pay Plaintiff if it identified or obtained refunds, credits, duplicate payments, or reduced current payments or liabilities ("benefits"). Plaintiff alleges that it identified benefits and that, in accordance with the contracts, after adjustments, Hi-Temp owes it $127,121,89, plus attorney's fees and costs. Plaintiff sues for breach of contract, quantum meruit, and suit on a sworn account.

On June 29, 2020, Hi-Temp filed a Notice of Removal, asserting diversity of citizenship because Plaintiff is a Texas corporation with its principal place of business in Texas and Defendant is an Alabama corporation with its principal place of business in Alabama, and the amount in controversy exceeds $75,000.

1

On July 6, Plaintiff filed a motion to remand pursuant to a contractual forum selection clause that Plaintiff contends mandates venue in state court. On July 10, Plaintiff filed an amended motion to remand. The Court mooted the original motion given the filing of the amended motion. No response has been filed to Plaintiff's motion to remand, and the time for doing so has expired.

**Analysis**

The contract provides that "[t]he parties agree venue for any action relating to this agreement shall be in state court in Kerr County, Texas, and Texas law shall govern." Docket no. 1-1. Plaintiff contends that this is a mandatory forum selection clause that waives the right to remove. Plaintiff cites *HJH Consulting Group, Inc. v. National Steak Processors, Inc.*, No. SA-15-CV-717-XR, 2015 WL 8335233 (W.D. Tex. Dec. 8, 2015), in which the Undersigned found that an identical forum selection clause was a waiver of the right to remove the case to federal court. This Court held:

> The forum-selection clause at issue in this case constitutes a "clear and unequivocal" waiver of federal removal rights because it establishes state courts located in Kerr County as an exclusive venue for bringing suit. The language of the forum-selection clause is clear—"venue for any action relating to this agreement shall be in state court in Kerr County, Texas, and Texas law shall govern." The specific inclusion of "state court" leaves no doubt that the parties intended to confine the litigation to state courts and waived their federal removal rights.

*Id.* at *2. Further, the use of the term "shall" and the absence of a federal courthouse in Kerr County necessarily meant the parties intended to waive their federal removal rights. *Id.*

Hi-Tech has not responded to the motion to remand and has not attempted to demonstrate that the venue clause is unreasonable. The Undersigned found this same clause to be reasonable when entered into as part of a contract between two sophisticated business entities, and there is no indication that this venue clause was not agreed to voluntarily.

2

**Conclusion**

The Court GRANTS the motion to remand (docket no. 8). The Court further grants Plaintiff's request for an award of reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Plaintiff shall file an affidavit detailing the reasonable costs and actual expenses, including attorney's fees, incurred as a result of the removal, within 7 days of the filing of this Order. Defendant shall then have 7 days to file objections, if any, after which the Court will issue an appropriate order.

SIGNED this 12th day of August, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE