**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| US COST MANAGEMENT PARTNERS,<br>*Plaintiff*<br><br>-vs-<br><br>HI-TEMP, INC.,<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-20-CV-00756-XR |

**ORDER**

On this date, the Court considered Defendant Hi-Temp's, Inc's Federal Rule of Civil Procedure 60(b)(1) Motion (ECF No. 17). The motion is denied.

**Background**

Plaintiff US Cost Management Partners ("Plaintiff") filed this lawsuit in state court on May 7, 2020 against Defendant Hi-Temp, Inc. On June 29, 2020, Hi-Temp filed a Notice of Removal, asserting diversity of citizenship. On July 6, Plaintiff filed a motion to remand pursuant to a contractual forum selection clause that Plaintiff contended mandates venue in state court. On July 10, Plaintiff filed an amended motion to remand. No response was filed to Plaintiff's motion to remand. The Court followed its prior decision in *HJH Consulting Group, Inc. v. National Steak Processors, Inc.*, No. SA-15-CV-717-XR, 2015 WL 8335233 (W.D. Tex. Dec. 8, 2015), which found that an identical forum selection clause was a waiver of the right to remove the case to federal court, and remanded the case. The district clerk sent the remand letter on August 13, 2020. On August 27, Defendant Hi-Temp filed a motion for reconsideration pursuant to Rule 60(b)(1).

1

## Analysis

The Court must first consider whether it has jurisdiction to consider the Rule 60(b) motion. While an order remanding a case to state court ordinarily is not reviewable, even by the district court issuing the remand order, *see* 28 U.S.C. § 1447(d), courts have found that the prohibition on review does not apply when remand was based on a venue selection agreement because it is neither a procedural defect nor a lack of subject matter jurisdiction. *See, e.g.*, *City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1307 (9th Cir. 2019); *Autoridad de Energia Electrica de Puerto Rico v. Vitol S.A.*, 859 F.3d 140, 145 (1st Cir. 2017) (§ 1447(d) is not a bar to review of a remand order based on a forum selection clause). When a remand order is reviewable on appeal, a district court may reconsider its own order. *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 999 n.4 (5th Cir. 2000).

Defendant moves for reconsideration under Rule 60(b)(1), which permits reconsideration based on excusable neglect. Defendant provides the affidavit of counsel, who states that his work schedule was severely disrupted by covid and childcare responsibilities at home. Defendant seeks leave to file a response to Plaintiff's motion to remand, and provides the affidavit of Defendant's President Chuck Rumbley, who states that he was "duped" into signing the underlying contract sued upon containing the forum selection clause. He states that, prior to the parties entering the alleged contract, Plaintiff's employees promised that they could find various savings by examining Defendant's records and promised that if he did not approve of their methodology, he could ignore their advice at no cost. According to the Affidavit, Plaintiff's agents/employees then stated that they needed Rumbley's authorization to examine Hi-Temp's records, but "unbeknownst to [Rumbley], the authorization was actually the alleged contract."

Rumbley states he "did not intend to enter into the alleged contract" and "[i]f anything, I was duped into signing the alleged document."

Thus, Defendant seeks an opportunity to show that the forum selection clause should not be enforced because the contract was the result of fraud or trickery. However, Rumbley does not deny signing the agreement or being given an opportunity to read it before signing it, and a party who signs an agreement is presumed to know its contents. *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 232 (Tex. 2008). Moreover, Defendant essentially asks the Court to invalidate the contract at the heart of this case in order to find the forum selection clause invalid. But while such allegations that the contract was procured by trickery might be relevant to the merits of the claims, they are not relevant to the determination of whether the forum selection clause is enforceable, which must precede any analysis of the merits. *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998) ("Allegations that the entire contract was procured as the result of fraud or overreaching are 'inapposite to our [forum-selection clause] enforceability determination, which must . . . precede any analysis of the merits [of the contract's validity].'") (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 964 (5th Cir. 1997) (alterations in original); *see also Weber v. PACT XPP Techs, AG*, 811 F.3d 758, 773 (5th Cir. 2016) ("Arguments that go to the validity of the contract as a whole do not prevent enforcement of an FSC; instead, the party seeking to avoid enforcement must demonstrate that the FSC is invalid rather than merely claim the contract is invalid.").

There is a strong presumption that forum selection clauses are enforceable. *Al Copeland Investments, LLC v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018). This presumption may be overcome by a clear showing that a forum selection clause is "unreasonable" under one of the following circumstances: (1) the incorporation of the forum

selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state. Defendant fails to show that incorporation of the forum selection clause into the agreement was the product of fraud or overreaching, nor has it shown any of the other bases for overcoming the presumption of enforceability. Accordingly, the forum selection clause is enforceable, and allowing Defendant an opportunity to respond to Plaintiff's motion to remand based on its position that Rumbley was duped into entering the contract would be futile.

## Conclusion

Defendant Hi-Temp's Opposed Federal Rule of Civil Procedure 60(b)(1) Motion (ECF No. 17) is DENIED.

The Court previously awarded Plaintiff attorney's fees under 28 U.S.C. § 1447(c) based on Defendant's wrongful removal. Plaintiff has filed an Affidavit with supporting records indicating that its fees and costs incurred as a result of the removal and remand were $4,586.00. Defendant opposes the award of fees, asserting it had a good faith basis to believe the contract was invalid and thus the venue selection clause at issue was also invalid. As noted above, however, a belief that the contract was invalid is insufficient to provide a good faith belief that the forum selection clause would not be enforceable, and thus the Court's prior award of attorney's fees stands.

Defendant has not asserted any specific objections to Plaintiff's requested costs and fees. The Court has reviewed the motion to remand, the record, and Plaintiff's affidavit and records,

and awards Plaintiff $2,500.00 pursuant to 28 U.S.C. § 1447(c). Defendant shall pay $2,500.00 to Plaintiff's counsel within 7 days of this Order.

  SIGNED this 15th day of September, 2020.

          _____
          XAVIER RODRIGUEZ
          UNITED STATES DISTRICT JUDGE